## Smith *against* Collins.

(See page 505, *ante.*)

Huston, J.—Dissenting.—The court erred in their answer to the fourth point put by the defendant's counsel, viz:

"That a patent issued on a prevention certificate, commonly called a prevention patent, puts a warrantee under the act of the 3d of April 1792, in no better situation as to the condition of settlement and residence than a warrant and survey without patent."

"Answer. The fourth point the court consider as answered in the charge, and that an entry cannot be made on a tract of land for which the state has granted a prevention patent, without a vacating warrant on an authority from the state to make the entry."

From the case of Sprinkle v. Stevenson, in 1768, reported in the note to 2 *Smith's Laws,* down to the present day, no court in Pennsylvania, before this case, ever decided that a patent was conclusive; the constant language of the courts has been, that in the trial of a title in ejectment, the question is, who has a right to a patent, not who has one. In Bixler v. Baker, 4 *Binn.* 213, a man had made proof of an actual settlement and obtained a warrant, survey and patent; he had made no settlement, and yet he sold to an innocent purchaser; after all this, a third person settled on the land as vacant, and held it against the patent, which was void. So the patent in this case must have been. I know not on what ground the majority affirm this decree, but I dissent from any thing which confirms an opinion that is contradictory to all former decisions.